UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NASSER SABAH<br>A Michigan Resident<br>v.<br><br>ARAB BANK, PLC, a Foreign Corporation<br>ALAA OTHMAN, a foreign individual<br>MOHAMMED ABBAS, a foreign Individual<br>AHMAD AL DALI, a foreign Individual<br>HUSSAM QUDAH, a foreign Individual<br><br>    Defendants | Case No.<br>Hon. |

| | |
|---|---|
| DAVID E. GHANNAM (P43407)<br>DAVID E. GHANNAM, P.C.<br>15900 Michigan Avenue, Suite 1<br>Dearborn, MI 48126<br>(313) 945-0088<br>FAX (313) 945-1199<br>david@ghannam.us | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Nasser Sabah, by and through his attorneys, David E. Ghannam, P.C., and for his Complaint against Defendants, states as follows:

### *Jurisdiction and Parties*

1. Plaintiff is a citizen and resident of Wayne County, Michigan, which is part of the Easter District of Michigan.

2. Defendant Arab Bank PLC ("Bank") is a Foreign Corporation that conducts business in the United States, and has a business office New York, NY.

3. Defendant ALAA OTHMAN is a foreign individual and an employee of Bank.

4.  Defendant MOHAMMED ABBAS is a foreign individual and an employee of Bank.

5.  Defendant AHMAD AL DALI is a foreign individual and an employee of Bank.

6.  Defendant HUSSAM QUDAH is a foreign individual and an employee of Bank.

7.  All or part of the incident complained of occurred in Wayne County, Michigan.

8.  The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

9.  Jurisdiction over the Plaintiff's claim for declaratory relief is conferred by 28 USC 2201 and 2202.

10. Venue is proper in this District pursuant to 28 USC 1391(b)(I) because the Defendants are foreign Citizens or Corporation.

## General Allegations

11. Plaintiff hereby restates and realleges each paragraph above and herein of his Complaint as if fully set forth herein, word for word.

12. Plaintiff obtained a monetary loan from Defendant Bank in the Country of Dubai, and used this money to purchase a residence in Dubai.

13. After the real estate prices began to dramatically decline in Dubai, as well as around the world, Plaintiff began to try to sell the property.

14. Plaintiff and defendants began to negotiate a reduction in price to repay the loan, and communicated by verbal and electronic mail ("emails").

15. Since Plaintiff could not sell the residence in Dubai for at least the amount he owed, the parties negotiated a settlement agreement that provided for a price reduction

in principal and interest to pay off the loan in full for a reduced amount.

16.     Since that time, Defendants have failed and refused to finalize this agreement by accepting the reduced amount of loan payoff, and waiving all claims against Plaintiff.

17.     Additionally, Defendants have falsely published with one or more governmental agencies or authorities that Plaintiff has engaged in a crime.

18.     When Plaintiff crossed the boarder between the United States and Canada, on several occasions he was notified by the boarder authorities that there was certain reporting to the Interpol that Bank had reported Plaintiff had committed a crime and that there was a possible arrest warrant issued to arrest Plaintiff because of the loan issue referenced above.

19.     Defendant Bank has violated the settlement agreement between the parties.

## COUNT I-BREACH OF SETTLEMENT AGREEMENT

20.     Plaintiff hereby restates and realleges each paragraph above and herein of his Complaint as if fully set forth herein, word for word.

21.     Plaintiff and Defendant Bank, by and through its agents and employees (the individual co-defendants) entered into an agreement, in the form of emails, whereby the Defendant Bank has agreed to accept a specific payoff amount on the loan Plaintiff obtained from Bank.  All emails are in the possession of Defendants, and are hereby incorporated by reference.

22.     Bank claimed a total amount of money owed by Plaintiff to Bank in the approximate sum of (in US dollars) $839,237, and Defendant disputed this amount.

23. Bank and Plaintiff resolved the dispute by Bank agreeing to accept the sum of (in US Dollars) $599,237.

24. The parties accepted these terms, created a contract, and said contract was in full force and effect.

25. Defendant Bank materially breached the contract first in time, by way of illustration and not limitation, the following ways: by failing to consummate the transaction by timely accepting the amount agreed to payoff the loan and waive any further amounts due from Plaintiff to Defendant Bank; preventing Plaintiff from selling the residence to pay the amount of money pursuant to the settlement agreement; depositing checks that Defendants knew or should have known would returned for non-sufficient funds; threatening criminal prosecution for Plaintiff's failure to pay the full amount of the loan as opposed to the reduced amount owed.

26. Plaintiff has done and performed all things required to be performed by it under the terms under the contract.

27. As a proximate result of Defendant's breach of contract, Plaintiff has been damaged in an amount in excess of $75,000.00, including costs, interest, and attorney fees.

WHEREFORE, Plaintiff hereby prays that this Honorable Court grant the following relief against Defendant:

    a. Enter a Judgment in favor of Plaintiff for its damages against Defendant in an amount in excess of Seventy Five Thousand and 00/100 ($75,000.00) Dollars, together with interest, costs, and attorney fees.

  b.  Order Defendant Bank to consummate the transaction agreed to by the parties, and enforce the settlement agreement.

  c.  Grant any other relief that this Honorable Court deems just and equitable.

## COUNT II-DEFAMATION

28. Plaintiff hereby restates and realleges each paragraph above and herein of his Complaint as if fully set forth herein, word for word.

29. Defendants negotiated a bank check, signed by Plaintiff, knowing or should have knowing, that the account did not have sufficient funds, in an attempt to cause a crime to be committed by Plaintiff.

30. Defendants intentionally and falsely accused Plaintiff of committing a crime by failing to pay the loan referenced above.

31. Defendants knew, or should have known, that the Dubai, and the United Arab Emirates ("UAE") does not prosecute people for checks negotiated and returned for non-sufficient funds, and have failed to correct the inaccurate and false reporting to various law enforcement agencies.

32. The UAE does not prosecute people for bounced checks or checks returned for non-sufficient funds, and as such, upon information and belief, Defendants have subverted the law and misused the Interpol Red Notice system, as well as the law enforcement agencies in the US and Canada and other Countries not known at this time.

33. Defendants published the statements to third parties with knowledge of the falsity of the statements or in reckless disregard of their truth or falsity.

34. The publications were not privileged.

35. The publication of these remarks has resulted in damage to Plaintiff's reputation in the community and economic loss, including, but not limited to:

    a. loss or inhibited ability to travel;

    b. emotional distress;

    c. humiliation, mortification, and embarrassment;

    d. sleeplessness and anxiety; and

    e. other damages as may arise during the course of discovery and the course of this trial.

36. Defendants accusations were defamation per se.

37. Defendants acted negligently or with actual malice in making the statements.

38. The statements caused special damages to Plaintiff.

WHEREFORE, Plaintiff hereby prays that this Honorable Court grant the following relief against Defendants:

    a. Enter a Judgment in favor of Plaintiff for its damages against Defendants in an amount in excess of Seventy Five Thousand and 00/100 ($75,000.00) Dollars, together with interest, costs, and attorney fees, to be trebled by the Court, and exemplary damages pursuant to law.

    b. Grant any other relief that this Honorable Court deems just and equitable.

## COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff hereby restates and realleges each paragraph above and herein of his Complaint as if fully set forth herein, word for word.

40. Defendants' conduct as outlined above was intentional.

41. Defendants' conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

42. Defendants' conduct as outlined above was for an ulterior motive or purpose, and in retaliation for the loan issue.

43. Defendants' conduct resulted in severe and serious emotional distress.

44. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in the manner outlined above.

WHEREFORE, Plaintiff hereby prays that this Honorable Court grant the following relief against Defendant:

    a. Enter a Judgment in favor of Plaintiff for its damages against Defendant in an amount in excess of Seventy Five Thousand and 00/100 ($75,000.00) Dollars, together with interest, costs, and attorney fees, to be trebled by the Court, to be trebled by the court.

    b. Grant any other relief that this Honorable Court deems just and equitable.

## COUNT IV- DECLARATORY JUDGMENT

45. Plaintiff hereby restates and realleges each paragraph above and herein of his Complaint as if fully set forth herein, word for word.

46. Because of Defendant's failure to consummate the transaction and settlement agreement referenced above, and because all conditions precedent to Defendant Bank's performance have been met, Plaintiff requests this Court to declare the rights and responsibilities of the parties under the contract, and enforce said contract.

47. Further, because Defendants have falsely reported to one or more governmental authorities or agencies that Plaintiff committed a crime, and this was false when made or has become false after it was made, Plaintiff is entitled to an order compelling Defendants to report to any governmental agency or authority, including Interpol, that Plaintiff has not committed a crime, and compel Defendants to cause this reporting to be removed and eliminated.

WHEREFORE, Plaintiff requests a declaratory judgment providing the following judicial declarations:

    a. Declare the validity of the settlement agreement between the parties, and enforce the settlement agreement and compel Defendants' performance;

    b. Declare the impropriety of the defamatory statements, and order Defendants to retract the statements to whomever made.

    c. Grant any other relief that this Honorable Court deems just and equitable.

Respectfully Submitted,

DAVID E. GHANNAM, P.C.


/s/ DAVID E. GHANNAM
DAVID E. GHANNAM (P43407)
Attorney for Plaintiff
15900 Michigan Avenue, Suite 1
Dearborn, MI 48126
david@ghannam.us
313-945-0088

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASSER SABAH

v.

ARAB BANK, PLC, a Foreign Corporation
ALAA OTHMAN, a foreign individual
MOHAMMED ABBAS, a foreign Individual
AHMAD AL DALI, a foreign Individual
HUSSAM QUDAH, a foreign Individual

Case No.
Hon.

| DAVID E. GHANNAM (P43407)<br>DAVID E. GHANNAM, P.C.<br>15900 Michigan Avenue, Suite 1<br>Dearborn, MI 48126<br>(313) 945-0088<br>FAX (313) 945-1199<br>david@ghannam.us | |
|---|---|

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

NOW COMES PLAINTIFF, by and through counsel, David E Ghannam, P.C., and hereby demands a trial by jury in the above captioned matter.

Respectfully Submitted,

DAVID E. GHANNAM, P.C.


/s/ DAVID E. GHANNAM
DAVID E. GHANNAM (P43407)
Attorney for Plaintiff
15900 Michigan Avenue, Suite 1
Dearborn, MI 48126
(313) 945-0088
david@ghannam.us